UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **RODERIC T. HODGE, JR.**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 13-2125-MMM-DGB |
| | ) |
| | ) |
| **TIMOTHY F. BUKOWSKI**, *et al.*, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**MERIT REVIEW OPINION**

**MICHAEL M. MIHM, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Roderic T. Hodge's claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, ___ F.3d ___, 2013 WL 3336713, * 2 (7th Cir. July 3, 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

In June 2011, Hodge was a pre-trial detainee at the Jerome Combs Detention Center in Kankakee, Illinois. Hodge has since been transferred to another Illinois Department of Correction facility. Hodge claims that, while at the Jerome Combs Detention Center, certain Defendants violated his constitutional rights.

Specifically, Hodge alleges three causes of action: excessive force; deliberate indifference to a serious medical need; and unconstitutional conditions of confinement. As for his excessive force claim, Hodge contends that Deputy Bayston, Sergeant Woods, Officer Martin, and Officer Senesac used a taser on him while he was standing in water. Hodge claims that Defendants' actions were taken without any penological interest, that he was not resisting or disobeying any order, and that Defendants' actions caused him physical injuries.

Hodge also claims that, on the next day, Defendant Kolitwenzew directed him to re-take his booking photograph. When Hodge refused, Defendants Kolitwenzew, Officer Juergens, and Officer Hatch physically forced him to take another photograph. Hodge alleges that the force

2

exerted against him by these Defendants was unnecessary and that it caused him injury. Later that same day, Hodge avers that Defendant Officer Gomez kicked him in the head without any justification.

Hodge further alleges that he asked each of these Defendants (except for Defendants Gomez) for medical assistance for the injuries that he sustained as a result of their attacks upon him. However, none of the Defendants provided or obtained any medical assistance for him.

Hodge's third cause of action in his Complaint is that the conditions at the Jerome Combs Detention Center were so atrocious that they violated his constitutional right to be free from cruel and unusual punishment.

The Seventh Circuit has explained that the "Fourteenth Amendment right to due process affords pretrial detainees at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment." *Carr v. Beth*, 2012 WL 719695, * 2 (7th Cir. Mar. 7, 2012)(citing cases). "When jailers are accused of using excessive force, the core inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id*. (quoting *Hudson v. McMilllian*, 503 U.S. 1, 7 (1992)). "Several factors are relevant to this determination, including the need for force, the amount applied, the threat a guard reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner." *Id*.

Many courts have held that being tased does not in-and-of-itself constitute excessive force. *Vasquez v. Raemisch*, 480 F. Supp. 2d 1120, 1133 (W.D. Wis. 2007)(citing cases). However, Hodge's allegations, if proven to be true, are sufficient to state a cause of action for excessive force. According to Hodge, each of the three attacks by Defendants served no penological interest, was not done in a good faith effort to maintain order, and was sufficiently

severe that they rise above de minimis contact that is not sadistic or malicious. *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). Accordingly, Hodge's excessive force claim will remain.

Likewise, the Court finds that Hodge has stated a claim for deliberate indifference to a serious medical need. As with his excessive force claim, Hodge's deliberate indifference claim arises under the Fourteenth Amendment because he was a pretrial detainee. *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

In the instant case, Hodge has alleged that Defendants were deliberately indifferent to his serious medical need. Hodge's physical injuries—as he describes them in his Complaint—are sufficient to place a lay person on notice that he needed medical attention and that his injuries

4

were serious. Accordingly, the Court finds that Hodge may maintain his deliberate indifference claim.

On the other hand, the Court finds that he may not maintain his claim regarding the conditions of his confinement. Hodge complains that there was trash on the cell floor, a desk and a chair in need of repair in the cell, and improper ventilation in the cell. But, "[t]he Constitution does not require the jail to ensure the comfort of each prisoner, but only to provide such necessities as food, medical care, sanitation, and a safe environment." *Smith v. DeBruyn*, 1996 WL 407258, * 4 (7th Cir. July 18, 1996)(citing *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981)). As the Seventh Circuit found in *Smith*, this Court finds that the conditions at the Jerome Combs Detention Center (as described by Hodge) do not rise to the level of a constitutional violation. *Id*. "The state's interest in limiting the cost of detention often will justify the state's decision to provide inmates with the minimally required food, living space, and medical care." *Id*. "Inmates cannot expect the amenities, conveniences and services of a good hotel . . . ." *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988).

Finally, Hodges has named Timothy F. Bukowski, Sheriff of Kankakee County Illinois, and Michael D. Downey, Chief of Corrections at the Jerome Combs Detention Center, as Defendants. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). The doctrine of *respondeat superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*,

5

251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted).   "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.  They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011)(quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Here, Hodge has failed to allege any facts necessary to find Bukowski or Downey personally liable of violating his constitutional rights.  Hodge has not alleged that either Bukowski or Downey engaged in any actions that constituted excessive force or that either was deliberately indifferent to his known medical need.  All that Hodge has alleged regarding Bukowski and Downey is that "various Kankakee County Sheriff's Police Officers and IDOC personnel are actively involved in promoting and sustaining overly restrictive hostile, and prejudice[ial] policies and practices which restrict the plaintiff from enjoying rights provided by this American constitutional form of government," but this allegation alone is insufficient to hold Bukowski or Downey personally liable in this case. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678-79.

**IT IS, THEREFORE, ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim against Defendants Kolitwenzew, Bayston, Woods, Juergens, Hatch, Martin, Gomez, and Senesac for excessive force and a claim against Defendants Kolitwenzew, Bayston, Woods, Juergens, Hatch, Martin, and Senesac for deliberate indifference to a serious medical need. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Plaintiff's claim based upon the conditions of his confinement is DISMISSED.

3) Defendants Bukowski and Downey are DISMISSED as party Defendants from this case.

4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the

Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service

through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2)

**IT IS FURTHER ORDERED:   1) The Clerk is directed to attempt service on Defendants pursuant to the standard procedures and to assess a partial filing fee; 2) the Clerk is directed to dismiss Plaintiff's claim based upon the conditions of his confinement; and 3) the Clerk is directed to dismiss Timothy F. Bukowski and Michael E. Downey as Defendants in this case.**

Entered this 29th day of October 2013.

  /s  Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE
